Albert W. Foley, Esq. Town Attorney, Dunkirk
You have asked whether a member of a town board may be appointed to also serve as the maintenance director of a sewer district in the town. You have explained that your town has a very small population and that there are few people qualified to hold the position of maintenance director. The member of the town board is familiar with the district and is well qualified to undertake the position.
There are two obstacles to the appointment of the town board member to this position with the sewer district. There is, however, a possibility that these obstacles can be overcome through the enactment of a local law.
As a member of the town board, this individual would be a member of the body entrusted with the responsibility for making the appointment. It has been decided that it is contrary to public policy for a board to appoint one of its members to another position (Wood v Town of Whitehall,120 Misc. 124 [Sup Ct, Washington Co, 1923], affd 206 App. Div. 786 [3d Dept, 1923]).
 "When public officers, such as the members of a town board, are vested by the legislature with power of appointment to office, a genuine responsibility is imposed. It must be exercised impartially, with freedom from a suspicion of taint or bias which may be against the public interest. An appointing board cannot absolve itself from the charge of ulterior motives when it appoints one of its own members to an office. It cannot make any difference whether or not his own vote was necessary to the appointment. The opportunity improperly to influence the other members of the board is there. No one can say in a given case that the opportunity is or is not exercised. What influenced the other members to vote as they did, no one knows except themselves. Were their motives proper, based solely on the fitness of the appointee? They may have been. Were they improper, based on the promise or expectation of reciprocal favors?" (Id.,
p 125.)
As a second reason, the Court indicated that such an appointment is tantamount to the board appointing itself to the office, which was characterized as an undesirable result (id., p 126).
Once the appointment has been made, the individual would be holding two positions in town government and, therefore, it is necessary to consider whether these positions are compatible.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
The town board is the administrative and legislative arm of town government. It is responsible for the determination of policy on behalf of the town. In your town, the town board is responsible for the regulation and operation of the sewer district (Town Law, §198[1][g]). Thus, the town board would have responsibility for the supervision of this individual as an employee of the sewer district. We believe that one position would be subordinate to the other, resulting in incompatibility under the common law rule.
Incompatibility and the Whitehall doctrine are court-made rules of law based upon public policy concerns. We have expressed the opinion that these doctrines can be overcome by local law (1983 Op Atty Gen [Inf] 157; 1960 Op Atty Gen [Inf] 198). A local government is authorized to adopt and amend local laws, consistent with the Constitution and general State law, relating to the powers, duties and qualifications of its officers and employees (Municipal Home Rule Law, § 10[1][ii][a][1]). Provided there is a finding by the local legislative body that such a local law would be in the overall public interest, it could enact a local law overcoming the Whitehall doctrine and incompatibility (1983 Op Atty Gen [Inf] 157). We must emphasize, however, that the local legislative body, based upon local conditions, must first find that the overall public interest would be served by the local law.
We conclude that upon a finding that the public interest would be served, a local legislative body may enact a local law overcoming incompatibility of office and the Whitehall doctrine.